# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MANDY HELSTROM, et. al, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | Case No. 6:25-CV-03136-SRB |
| vs. | ) | |
| | ) | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER SEVERING AND DISMISSING PETITIONER MARK HELSTROM

Before the Court is the petition filed by Petitioner Mark Helstrom, on behalf of Mandy Helstrom, (Doc. 1) and Petitioner Mark Helstrom's response to the Court's show cause order (Doc. 4). Petitioner, Mark Helstrom, proceeding *pro se,* has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of his wife, Mandy Helstrom, who currently is confined at the Greene County Jail in Springfield, Missouri. Doc. 1. Petitioner Mark Helstrom alleges Petitioner Mandy Helstrom has been illegally detained by the United States Immigration and Customs Enforcement ("ICE"). *Id*. The petition, signed only by Petitioner Mark Helstrom and not by Mandy Helstrom, alleges Petitioner Mandy Helstrom has been illegally detained by the United States Immigration and Customs Enforcement ("ICE"). *Id*. For relief, Petitioner requests the following: (1) an immediate stay of Mandy Helstrom's deportation; (2) immediate release from the ICE detention facility; (3) require ICE to produce all relevant case documentation and show cause why Mandy Helstrom's detention is lawful; (4) ensure Mandy Helstrom's due process rights are upheld and her right to access the courts are upheld and for a fair hearing to present evidence and testimony regarding the matter if so needed. *Id*. at 4. For the reasons set forth below, Petitioner Mark Helstrom is **SEVERED AND DISMISSED** and Petitioner Mandy Helstrom shall have until June 10, 2025, to file an amended petition.

Generally, in order bring a habeas corpus petition on behalf of another person, the party purporting to act for an incarcerated person must show (at least) the following two things: (1) "an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action;" and (2) that the party purporting to act for the real party is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The Court ordered Petitioner Mark Helstrom to show cause as to why the Court should appoint him as next friend to file and act on behalf of Petitioner Mandy Helstrom. Doc. 2. In response to the

show cause order, Petitioner Mark Helstrom states that Mandy Helstrom has completed the Section 2241 form and is working on mailing that form to the Court. Doc. 4, p. 4. Thus, Petitioner Mark Helstrom fails to provide an adequate explanation as to why Mandy Helstrom cannot prosecute this action on her own behalf.

To the extent the petition alleges Petitioner Mandy Helstrom has granted Mark Helstrom power of attorney, a power of attorney may confer decision-making authority under state law, but it does not permit the holder to represent the grantor as a lawyer in federal court. On the contrary, parties may proceed in federal court only *pro se*, when acting solely for themselves, or through counsel. 28 U.S.C. § 1654; *see also Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir.1994) (non-lawyer has no right to represent another entity in federal court); *Osei–Afriyie by Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876 882–83 (3rd Cir. 1991) (holding that parent and guardian could not litigate *pro se* on behalf of his children) (citation omitted); *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear *pro se* on behalf of the grantor."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) ("attorney-in-fact" for daughter not permitted to litigate *pro se* on her behalf). As a result, Petitioner Mark Helstrom is without standing to bring this action on Mandy Helstrom's behalf and is **SEVERED AND DISMISSED**. All further court filings must be filed and executed by Petitioner Mandy Helstrom.

Due to the defective petition alleging an imminent deportation, the Court will grant an extension for Petitioner Mandy Helstrom to file an amended Section 2241 petition until June 13, 2025.

For these reasons, Petitioner Mark Helstrom is **SEVERED AND DISMISSED**, and Petitioner Mandy Helstrom shall have until June 13, 2025, to file an amended Section 2241 petition.

It is so **ORDERED**.

Dated: June 4, 2025

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE